IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL J. BRODHEIM,

    Plaintiff,                   No. CIV S-01-1738 GEB CMK P

vs.

MARGARITA PEREZ, et al.,

    Defendants.             ORDER

_____/

        Plaintiff, a state prisoner serving an indeterminate sentence for murder, seeks relief pursuant to 42 U.S.C. § 1983. He alleges violations of federal constitutional and state law rights stemming from a denial of parole by the California Board of Prison Terms (hereinafter Board). Plaintiff stresses, that he does not seek to attack the duration of his confinement. Id. at 2-3.)

        On February 28, 2005, this court filed findings and recommendations which recommended that plaintiff's complaint be dismissed without prejudice and that plaintiff be granted leave to amend his complaint and bring it as a properly exhausted habeas petition. Plaintiff filed objections on April 4, 2005, directing the court's attention to a March 7, 2005 Supreme Court Decision, Wilkinson v. Dotson, 125 S.Ct. 1242 (2005), which stated that prisoners could challenge the constitutionality of state parole procedures in a § 1983 action seeking declaratory and injunctive relief and were not required to instead seek relief exclusively

under federal habeas statutes.

In light of Wilkinson, the court vacates its February 28, 2005 findings and recommendations and issues the following order.

I.      Background to Plaintiff's Claims

In 1981, plaintiff was convicted of first-degree murder and sentenced to a term of twenty-five years to life. Plaintiff was a first time offender. He has been eligible for parole since 1994 and, at that time, was considered a model prisoner. Plaintiff's initial parole hearing was conducted in October 1995 and he was found unsuitable for parole. At a second hearing in September 1998, plaintiff was again found unsuitable. Plaintiff had a third hearing in September 2002 wherein a panel of the Board concluded that plaintiff was not suitable for parole. On November 13, 2002, a review panel disapproved that proposed decision and the matter was scheduled for rehearing.[1]  On October 28, 2003, the Board again found plaintiff unsuitable for parole. This decision became final on January 26, 2004.

Plaintiff challenges the Board's denial of parole. He alleges violations of his equal protection rights, ex post facto laws and his right to due process arising from the Board's failure to conduct a fair parole suitability hearing. Plaintiff also brings a state law claim for violation of Cal. Penal Code § 3041 because the Board does not "normally" set parole release dates as required by this statute.   Plaintiff seeks injunctive relief in the form of a more fair consideration of his application for parole–that the decision be based on some reliable evidence and given similar consideration to as that given parole applicants in the past years. (Compl. at 3.)

///
///
///

---

[1] On May 16, 2003, this court concluded that, in light of the upcoming rehearing, this case was not ripe for adjudication and ordered the case stayed. On June 2, 2004, the court ordered the stay lifted and allowed the parties to renew any motions they felt were appropriate.

II.     Discussion

As indicated, plaintiff does not seek anything but prospective injunctive relief concerning the procedures to be used at his next parole eligibility hearing. Accordingly, he may proceed with his claim under § 1983. <u>Wilkinson</u>, 125 S.Ct. at 1244 (stating that when success at most would mean a new parole hearing, which would not necessarily "spell speedier release" a plaintiff may proceed under § 1983). Plaintiff claims that all his parole hearings have been infected with the same types of constitutional errors. As plaintiff is a prisoner seeking relief against a governmental entity or officers or employees of a governmental entity, the court is required to screen his complaint to ensure that he has not raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief . 28 U.S.C. § 1915(a)

A.     Screening the Complaint

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hosp. Trustees</u>, 425 U.S. 738, 740 (1976), construe the

pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

   B.   Plaintiff's claims

Plaintiff's first claim is that since he was sentenced in 1981, parole for prisoners has decreased dramatically, resulting in a violation of equal protection. He alleges that prisoners in 1981 were granted parole much more frequently compared to the present where parole is almost never granted. As a result, prisoners twenty years ago were treated disparately from prisoners currently up for parole review. To prevail on this claim, plaintiff must demonstrate that similarly situated prisoners have been released on parole sooner than him. McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991). In other words, plaintiff must show that prisoners convicted of first-degree murder based on similar circumstances have been released on parole. Although petitioner has provided examples of other inmates convicted of first-degree murder who were paroled prior to 1981, he has not provided examples of prisoners convicted of first-degree murder based on similar circumstances to his. Accordingly, this portion of plaintiff's complaint does not state claim for an equal protection violation. Plaintiff is given leave to amend this portion of his complaint.

Plaintiff's next claim is a violation of ex post facto laws. He argues that the Board has adopted a "new policy" for determination of parole suitability as compared to the policy applied to prisoners at the time plaintiff committed his crime in 1981. He asserts that the "new policy constitutes a *de facto* change in the law governing parole suitability determinations...sufficient to fall within the constitutional prohibition against ex post facto laws." (Compl. at 19.) "The ex post facto clause bars any law which 'imposes a punishment for an act which was not punishable at the time [the act] was committed, or any law which imposes punishment greater than the punishment proscribed when the act was committed.'" U.S. v. Arzate-Nunez, 18 F.3d 730, 733 (9th Cir. 1994) (internal citations omitted). Here, plaintiff argues that the Board has adopted a "new policy" which creates a defacto change in the law.

4

However, plaintiff does not allege any change in the law which has been retroactively applied to increase the punishment for which plaintiff is eligible. He fails to state an ex post facto claim. (Compl. 6,7 & 19;) see also, Dobbert v. Florida, 423 U.S. 282, 293-94 (1977) ( stating that where a law merely alters the method of imposing a penalty and does not change the "quantum of punishment" no ex post facto violation has occurred). Because plaintiff can point to no change in the actual parole law, only the policy governing its implementation, this portion of the complaint neither states a claim, nor can it be amended to state a claim. Thus, it should not be included in any amended complaint.

Plaintiffs' third claim is that his procedural and due process rights have been violated by the Board's pro forma hearings, which always result in a denial of parole suitability. California's statute governing parole gives rise to a protected liberty interest in release on parole. Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003). Therefore, the plaintiff is entitled to the process outlined by the Supreme Court in Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,—notice, an opportunity to be heard, a statement of reasons for the decision and a limited right to call and cross-examine witnesses. 442 U.S. 1 (1979). The determination that petitioner is unsuitable for parole must be supported by some evidence bearing some indicia of reliability. Biggs, 334 F.3d at 914.

These guarantees do not exhaust plaintiff's right to due process. The fundamental core of due process is protection against arbitrary action. Hurtado v. California, 110 U.S. 516, 527 (1884). "The touchstone of due process is protection of the individual against arbitrary action of government." Wolff v. McDonnell, 418 U.S. 539, 558 (1974). Courts to numerous to list have recognized that the right to a disinterested decision maker who has not prejudged the case, is a part of the fundamental guarantee against arbitrary and capricious government conduct in the California parole context. See, e.g., In re Rosenkrantz, 29 Cal. 4th 616 (2003) (stating that parole decision "must reflect an individualized consideration of the specified criteria and cannot be arbitrary and capricious.")

1  A review of plaintiff's complaint reveals that plaintiff presents evidence that the
2  Board disregarded regulations ensuring fair suitability hearings and instead operated under an
3  unspoken policy that all murderers be found unsuitable for parole.   However, plaintiff's
4  allegations that the Board's actions deprived him of his constitutional rights are merely cursory.
5  Plaintiff states that he is a model prisoner and that he has been eligible for parole since 1994.
6  (Compl. at 4.)  Plaintiff does not detail in his complaint what conclusions and factors the Board
7  relied on in finding him unsuitable for parole.   Plaintiff does not put forth a list of factors which
8  he presented to the board which would have weighed in favor of finding him suitable for parole.
9  Biggs, 334 F.3d at 914.   For example, plaintiff does not allege that he has a stable social history,
10  that he has discussed remorse for the crime or that he has realistic plans for the future. See, Cal.
11  Code Regs. tit. 15 §§ 2402(d)(2) ( stable social history tends to show suitability);   2402(d)(3)
12  (presence of remorse indicating by understanding of nature and magnitude of crime tends to
13  show suitability); 2402(d) (realistic plans for the future or development of marketable skill tends
14  to show suitability).   Based on the current complaint, the court is unable to determine if the
15  requirements of due process were satisfied in plaintiff's denial of parole. McQuillion, 306 F.3d
16  at 904 (stating that requirements of due process satisfied if some evidence supports the decision).
17   Accordingly, the plaintiff is given leave to amend this portion of his complaint.
18  If plaintiff chooses to amend his complaint, he must demonstrate, with specificity
19  how the conditions complained of have resulted in a deprivation of plaintiff's constitutional
20  rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the second amended complaint
21  must allege in specific terms how each named defendant is involved.  There can be no liability
22  under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's
23  actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto,
24  633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
25  Furthermore, vague and conclusory allegations of official participation in civil rights violations
26  are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the original pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, the court notes that plaintiff has brought his complaint as a 42 U.S.C. § 1983 civil rights action seeking injunctive relief. Plaintiff is correct that he may elect to proceed under § 1983, instead of bringing a properly exhausted habeas petition. Wilkinson, 125 S.Ct. at 1244. However, the types of relief allowed under §1983 are quite different than that offered by a successful habeas petition. Success in a § 1983 action will allow a court to order a new parole hearing for petitioner which is free from prejudice stemming from a gubernatorial policy against parole for murders. If a fair hearing is once again denied, the court may only order yet another hearing, but the court could not order release on parole. However, in a habeas action, the court has latitude to grant far greater relief. Biggs, 334 F.3d at 916-17. If the court found that there was not sufficient evidence to support the Board's determination of unsuitability, the court could grant the habeas petition and order the petitioner released on parole.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 28, 2005, are vacated;

2. Plaintiff's amended complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended

Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: April 22, 2005

                        /s/   **CRAIG M. KELLISON**
                        Craig M. Kellison
                        UNITED STATES MAGISTRATE JUDGE